UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 6:21-cr-00138-GAP-EJK |
| | ) |
| KEITH INGERSOLL, | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT'S UNOPPOSED (AND RENEWED)
MOTION TO CONTINUE SENTENCING AND A REQUEST FOR AN
EXTENSION OF DEADLINES TO SUBMIT SENTENCING MATERIALS**

The Defendant, Keith Ingersoll ("Mr. Ingersoll"), by and through the undersigned counsel, hereby moves to continue his sentencing, currently set for January 18, 2023, to a date that is convenient for the Court's schedule in April of 2023 or a date thereafter. The undersigned further requests an extension of the deadline to submit sentencing motions to seven days prior to the new sentencing date, and an extension of the deadline to submit sentencing memorandum to five days prior to the new sentencing date. *See* Doc. 80. Lastly, the undersigned requests a thirty (30) day extension of the deadline to provide the U.S. Probation Office with Mr. Ingersoll's objections to the Pre-Sentence Investigation Report

("PSR"). The current deadline to submit objections to the PSR is December 27, 2022. *See* Doc. 97 at 46. In support thereof, Mr. Ingersoll states as follows:

## I.     RELEVANT PROCEDURAL HISTORY

1.     On October 18, 2022, Mr. Ingersoll appeared before this Court and entered a guilty plea to five counts in a superseding information, including two counts of conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1349 (counts one and four), a substantive count of wire fraud, in violation of 18 U.S.C. § 1343 (count two), a count of aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1) (count three), and a count of attempted wire fraud, in violation of 18 U.S.C. § 1349 (count five). *See* Docs. 66, 68, 69, 72.

2.     Mr. Ingersoll's guilty pleas were made pursuant to a written plea agreement he entered into with the government. Doc. 69. In this plea agreement, Mr. Ingersoll agreed to cooperate fully with the government in the hopes of receiving a "substantial assistance" downward departure motion filed under 18 U.S.C. § 3553(e) and/or U.S.S.G. § 5K1.1. *See* Doc. 69 at 6-11.

3.     On October 19, 2022, the Court accepted Mr. Ingersoll's guilty pleas and adjudicated him guilty of the aforementioned counts. Doc. 81. The Court also scheduled Mr. Ingersoll's sentencing for January 18, 2023 at 10:00 a.m. Doc. 80.

4. On November 18, 2022, the undersigned filed a notice of appearance to serve as Mr. Ingersoll's counsel at sentencing. Doc. 94. The undersigned did not negotiate Mr. Ingersoll's plea agreement with the government, nor did he represent Mr. Ingersoll during the change of plea hearing. Therefore, the undersigned is faced with the unusual (and perhaps difficult) scenario of advocating for Mr. Ingersoll at sentencing, where the undersigned did not participate in the guilt phase of the case.

5. Since the undersigned's appearance in this case, the undersigned has worked diligently with Mr. Ingersoll, the other defense counsels in this case, and the government to get up to speed so that Mr. Ingersoll can be effectively represented at sentencing. Specifically, the undersigned has met with Mr. Ingersoll at the Orange County Jail on numerous occasions. The undersigned also prepared Mr. Ingersoll for his pre-sentence investigation interview with the U.S. Probation Office ("Probation Office"), which took place on November 17, 2022. The undersigned also accompanied Mr. Ingersoll to this interview. In addition, the undersigned spent considerable time preparing Mr. Ingersoll for a proffer with the government, which took place on December 6, 2022. This proffer was conducted pursuant to the aforementioned "substantial assistance" provisions in

Mr. Ingersoll's plea agreement.[1] Despite the undersigned's diligent efforts, Mr. Ingersoll remains unprepared to proceed to sentencing, as set forth in greater detail below.

6. On December 13, 2022, the Probation Office issued Mr. Ingersoll's initial PSR. Doc. 97. The report is quite voluminous and consists of 46 single spaced pages. *Id.* In addition, the Probation Office included a number of sentencing guideline enhancements in the PSR, which Mr. Ingersoll did not anticipate. As it currently stands, Mr. Ingersoll is facing a guideline imprisonment range in excess of 10 years for the wire fraud counts, plus another two years consecutive on the aggravated identity theft count. Thus, Mr. Ingersoll is facing the potential of a significant federal prison sentence. The current deadline for Mr. Ingersoll to submit his objections to the PSR is December 27, 2022. *Id.* at 46. Due to the undersigned's family commitments during the holiday season, the undersigned will be unable to finalize a detailed review of the PSR with Mr. Ingersoll by the current deadline of December 27, 2022. Moreover, the undersigned would like additional time to research the sentencing guideline

---

[1] In addition to his December 6, 2022 proffer, Mr. Ingersoll attended two other proffers with the government prior to his indictment in this case.

enhancements applied to Mr. Ingersoll by the Probation Office, and to thoroughly prepare Mr. Ingersoll's objections to the PSR.

7. In addition to the foregoing, the undersigned has learned that Mr. Ingersoll suffers from severe alcoholism. Moreover, Mr. Ingersoll struggles with attention deficit hyperactive disorder ("ADHD"), and he may have other mental health disorders. Further, Mr. Ingersoll's mother believes that complications during Mr. Ingersoll's birth may have contributed to his learning disability and his mental health issues. The undersigned has retained a licensed psychiatrist to conduct an evaluation of Mr. Ingersoll so that these issues can be further explored and investigated by an expert. As noted above, Mr. Ingersoll is currently detained at the Orange County Jail and the psychiatrist is not available to conduct his evaluation of Mr. Ingersoll before the current sentencing date of January 18, 2022.

8. The undersigned also anticipates that additional time will be necessary to compile letters of support for Mr. Ingersoll from members of the public. The undersigned may also need to seek other records that could mitigate Mr. Ingersoll's culpability in this case.

9. Mr. Ingersoll is also hopeful that the requested continuance will result in his continued cooperation with the government, although he understands that

5

the decision on how to use his cooperation and whether or not a "substantial assistance" motion is filed on his behalf rests solely with the government.

10. Based on the foregoing, the continuance and extensions requested herein are necessary so that the undersigned can effectively represent Mr. Ingersoll at sentencing.

11. The undersigned has conferred with Assistant United States Attorney Amanda Daniels concerning this motion and the undersigned has been informed that the government does not oppose the continuance sought herein.

12. On December 20, 2022, the Court granted the undersigned leave to file the instant motion to continue under seal. *See* Docs. 98, 99.

13. Later, on December 20, 2022, the undersigned filed a sealed version of this motion. Doc. 100. On this same date, the Court entered an Order finding that there was "no cause" for the motion to be filed under seal. Doc. 101. The undersigned sought to submit the instant motion under seal as it discusses Mr. Ingersoll's alcoholism, his learning disability, and his efforts to cooperate with the government. The undersigned was of the view that this sensitive and personal information concerning Mr. Ingersoll warranted the filing of the instant motion under seal. However, as noted above, the Court has spoken on the issue and has found that this motion should be filed as a public pleading. With the sentencing

deadlines looming and out of a need to seek a ruling from the Court as soon as possible, the undersigned hereby renews his request for a sentencing continuance and extensions of the filing deadlines, by re-filing this motion on the public docket.

## II.     MEMORANDUM OF LAW AND GROUNDS FOR RELIEF SOUGHT

Rule 32 of the Federal Rules of Criminal Procedure provides, in pertinent part, that a defendant's sentence should be imposed "without unnecessary delay," however, the "court may, for good cause," extend the time for sentencing. *See* Fed. R. Crim. P. 32(b).  Pursuant to Rule 45, this Court may also extend a filing deadline for "good cause" where a party moves for such an extension "before the originally prescribed or previously extended time expires."  *See* Fed. R. Crim. P. 45(b)(1)(A).

Here, Mr. Ingersoll asserts that his need to adequately prepare for sentencing demonstrates "good cause" for the sentencing continuance and deadline extensions requested herein.  As noted above, the undersigned has worked diligently since he filed his notice of appearance in this case.  However, the undersigned needs additional time to complete his mitigation investigation and to prepare Mr. Ingersoll's objections to the PSR. The deadlines for submitting Mr. Ingersoll's PSR objections and the sentencing memorandums and motions

have not yet expired. Therefore, the "good cause" set forth herein justifies the requested extensions of time.

Mr. Ingersoll's right, if not urgent need, to present all mitigating evidence on his behalf at the time of sentencing provides further "good cause" for a continuance. The factors set forth in 18 U.S.C. § 3553(a) recognize that a court should consider a broad range of information in determining a defendant's sentence. This principle is reaffirmed in the statutory requirement that "[n]o limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence." *See* 18 U.S.C. § 3661; *Nichols v. United States*, 511 U.S. 738, 747 (1994) (stating that it is appropriate for a court to conduct an inquiry broad in scope, largely unlimited as to the kind of information he may consider at sentencing) (citation omitted). In addition, "the weight to be afforded any given argument made pursuant to one of the § 3553(a) factors is a matter firmly committed to the discretion of the sentencing judge and is beyond [the appellate court's] review." *United States v. Chavez*, 265 Fed. Appx. 821 (11th Cir. 2008) (quoting *United States v. Fernandez*, 443 F.3d 19, 32 (2d Cir. 2006)).

As the Court is well aware, a defendant's mental health can be a factor when deciding whether a downward departure or variance is warranted. *See e.g. United States v. Ferguson*, 942 F.Supp.2d 1186, 1194, 2013 WL 627145 at *8 (M.D. Ala. 2013) (stating that "it can now reasonably be argued that, in fashioning an appropriate sentence, courts are now required to consider, and factor in, a defendant's mental illness if they are to be faithful to [18 U.S.C.] § 3553(a)."); *United States v. Salery*, 163 F.Supp.3d 1215, 1217 n. (a variance can be granted based on a previous finding regarding the defendant's mental-health problems).

Additionally, the Sixth Amendment to the U.S. Constitution guarantees Mr. Ingersoll's right to the effective assistance of counsel at sentencing. *See Glover v. United States*, 531 U.S. 198, 203-04 (2001). The Supreme Court has held that counsel's performance can be deficient where he fails to properly and thoroughly investigate a defendant's mitigating mental health information. *See Porter v. McCollum*, 558 U.S. 30, 40 (2009) (per curiam) (holding that counsel performed deficiently in by failing to investigate mitigating mental health information presented in the defendant's competency report, and that this deficiency could not be excused by defendant's "fatalistic and uncooperative" representations that discouraged counsel from investigating in this area); *Wiggins v. Smith*, 539 U.S. 510, 523-24 (2003) (holding counsel's performance deficient where counsel failed to

follow up on references in the defendant's pre-sentence report to the defendant's "misery as a youth" and his own description of his background as "disgusting"). The Supreme Court has further held that, without considering critical mitigating evidence of the defendant's background, the sentencer was unable to accurately gauge the defendant's moral culpability. *Porter*, 558 U.S. at 41. Although the Supreme Court made the foregoing findings in a death penalty context, the undersigned subscribes to the generally accepted notion that defense counsel must thoroughly and adequately pursue a defendant's mitigating mental health information prior to sentencing in order to discharge counsel's Sixth Amendment. duties of effective assistance of counsel to the accused.

In sum, the requested continuance and extensions are necessary so that the undersigned can effectively represent Mr. Ingersoll at his sentencing, and to ensure that Mr. Ingersoll receives a sentence that is "sufficient, but not greater than necessary" to satisfy the goals of sentencing, as set forth in 18 U.S.C. § 3553(a).

Notions of equity and fairness further support the requested continuance and extensions. In two related cases, this Court granted numerous sentencing continuances to the defendants. *See e.g. United States v. Joel Micah Greenberg*, Case No. 6:20-cr-97-GAP-LHP (M.D. Fla. Orl. Div.) (numerous defense requests to continue the sentencing were granted, which resulted in the sentencing being

10

delayed for over a year and a half from the change of plea date); *United States v. Joseph Ellicott*, Case No. 6:22-cr-00009-GAP-DAB (M.D. Fla. Orl. Div.) (four defense continuances of the sentencing were granted, resulting in a seven-month delay between the plea and the sentencing). The instant motion constitutes Mr. Ingersoll's first request for a continuance of his sentencing. While the undersigned recognizes that each case is unique, Mr. Ingersoll asserts that as a matter of fairness and equity, the Court should grant him this first request to delay his sentencing.

Lastly, Mr. Ingersoll remains hopeful that the requested continuance of his sentencing will facilitate his continued cooperation with the government. The undersigned has conferred extensively with the government concerning the status of Mr. Ingersoll's cooperation. In those conversations, the government has indicated that it is possible (if not likely) that the government will be in a position to file a "substantial assistance" motion at the time of Mr. Ingersoll's sentencing. Moreover, the government has indicated that they are prepared to proceed to Mr. Ingersoll's sentencing as scheduled and that Mr. Ingersoll may not be needed for additional cooperation. Notwithstanding the government's current view of things, Mr. Ingersoll believes that the requested continuance could benefit him in his pursuit of a "substantial assistance" motion from the government. Specifically, Mr. Ingersoll has provided the government with information concerning at least

two uncharged co-conspirators.  Further, Mr. Ingersoll has provided information in a charged criminal case that is pending before this Court.  As of this filing, the government is unsure if Mr. Ingersoll will ultimately be called to testify at the trial of the pending criminal case.  As noted above, Mr. Ingersoll acknowledges that the decision on whether to use Mr. Ingersoll as a witness, and, indeed, whether to reward his cooperation by filing a "substantial assistance" motion rests solely with the government.  However, should the government decide during the period that the sentencing is continued that additional cooperation from Mr. Ingersoll is necessary, he will be available to assist the government on a moment's notice.

Based on the foregoing, "good cause" has been established justifying the continuance and extensions requested by Mr. Ingersoll herein.

## III.   CONCLUSION

WHEREFORE, the Defendant, Keith Ingersoll, respectfully requests that this Court enter an Order: (a) continuing the sentencing for the Defendant to a date that is convenient for the Court's schedule in April of 2023 or a date thereafter; (b) extending the deadline to submit sentencing motions to seven days prior to the new sentencing date; (c) extending the deadline to submit sentencing memorandum to five days prior to the new sentencing date; and (d) extending the deadline to provide the U.S. Probation Office with the Defendant's objections to the Pre-Sentence Investigation, for thirty (30) days, to January 26, 2023.

Respectfully submitted this 20th day of December, 2022.

*/s/ Andrew C. Searle*
**ANDREW C. SEARLE, ESQ.**
Florida Bar No. 0116461
**SEARLE LAW P.A.**
200 East Robinson Street, Suite 1150
Orlando, Florida 32801
Telephone: 407-203-3715
Email: andrew@searle-law.com
*Attorney for Defendant*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on December 20, 2022, I filed a copy of the foregoing with the Clerk of the Court via the CM/ECF system. I further certify that all parties to this case are equipped to receive service of documents via that system.

>/s/ Andrew C. Searle
**ANDREW C. SEARLE, ESQ.**
Florida Bar No. 0116461
**SEARLE LAW P.A.**
200 East Robinson Street, Suite 1150
Orlando, Florida 32801
Telephone: 407-203-3715
Email: andrew@searle-law.com
*Attorney for Defendant*