# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

UNITED STATES OF AMERICA

v.  Case No. 6:21-cr-138-GAP-EJK
(Forfeiture)

KEITH INGERSOLL

### UNITED STATES' MOTION FOR ENTRY OF AN ORDER FORFEITURE

The United States respectfully moves this Court, pursuant to 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), and Fed. R. Crim. P. 32.2(b)(2), to enter an order of forfeiture in an amount of $9,814,993.36, representing the amount of proceeds the defendant obtained as a result of his wire fraud schemes, pursuant to 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), and Fed. R. Crim. P. 32.2(b)(2), which, upon entry, shall become final as to the defendant.  In support thereof, the United States submits the following memorandum of law.

### MEMORANDUM OF LAW

**I. Statement of Facts**

1.   On October 12, 2022, a five-count Superseding Information was filed. Doc. 66.  In pertinent part, Count One charged the defendant with conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1349.  Count Two charged the

defendant with wire fraud, in violation of 18 U.S.C. § 1343.  Count Four charged the defendant with conspiracy to commit wire fraud, in violation 18 U.S.C. § 1349.  Count Five charged the defendant with attempted wire fraud, in violation of 18 U.S.C. § 1349.  Doc. 69.

2.  The Superseding Information also contained forfeiture allegations, which notified the defendant that the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), would seek to forfeit any property constituting, or derived from, proceeds obtained directly or indirectly, as a result of the wire fraud and conspiracy to commit wire fraud violations.  *Id*. at 18.

3.  On October 12, 2022, the United States and the defendant entered into a plea agreement.  Doc. 69.  In paragraph 13 of his plea agreement, entitled "Forfeiture of Assets," the defendant admitted that that he obtained $9,814,993.36 in proceeds as the result wire fraud conspiracies charged in Counts One ($9,602,200) and Four ($212,793.36).  *Id.* at 11.  The defendant admitted that as a result of his acts and omissions, the proceeds were transferred to third parties and could not be located by the United States upon the exercise of due diligence.  *Id*.

4.  On October 18, 2022, the defendant pled guilty to Counts One through Five of the Superseding Information.  Doc. 72.  On October 19, 2022, the Court accepted the plea of guilty and in pertinent part, adjudicated the defendant guilty as

to Counts One, Two, Four, and Five.  Doc. 81.  The defendant is scheduled to be sentenced on February 28, 2023.  Doc. 104.

## II. Applicable Law

The Court's authority to order forfeiture of property for violations of conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1349, is found in 18 U.S.C. § 981(a)(1)(C), which provides for the civil forfeiture of any property, real or personal, which constitutes or is derived from proceeds from any offense constituting "specified unlawful activity."  The term "specified unlawful activity" includes offenses listed in 18 U.S.C. § 1961(1).  18 U.S.C. § 1956(c)(7)(A).  Specifically, 18 U.S.C. § 1961(1)(B) includes as an offense any act which is indictable under 18 U.S.C. § 1343.  Although § 981(a)(1)(C) is a civil forfeiture statute, 28 U.S.C. § 2461(c) authorizes the criminal forfeiture of any property that can be forfeited civilly using the procedures for the criminal forfeiture and disposition of property set forth in 21 U.S.C. § 853.

Pursuant to Rule 32.2(b)(2), because the United States could not locate all of the specific property constituting or derived from the proceeds the defendant obtained from his wire fraud schemes, the United States seeks an order of forfeiture against the defendant in the amount of proceeds he obtained from the schemes.  Indeed, for cases in which a defendant no longer has the actual dollars or property traceable to proceeds

3

in his/her possession, or the government cannot locate those assets, the obligation to forfeit simply takes the form of an order of forfeiture in favor of the United States. *See United States v. Padron*, 527 F.3d 1156, 1161-62 (11th Cir. 2008).

      Rule 32.2(b)(1) provides that the court must determine the amount of money that the defendant will be ordered to pay. The Court's determination may be based on evidence submitted by the parties and accepted by the Court as relevant and reliable. Fed. R. Crim. P. 32.2(b)(1)(B). The defendant admitted that he has dissipated the criminal proceeds that he obtained from his offenses. Doc. 69 at 11. Because the United States could not locate the specific property constituting or derived from the proceeds the defendant obtained from the conspiracies to commit wire fraud, the United States seeks an order of forfeiture against the defendant in the amount of $9,814,993.36, pursuant to Rule 32.2(b)(2). As the defendant has agreed, he obtained at least $9,814,993.36 in proceeds as a result of his participation in the wire fraud conspiracies. If the Court finds that at least $9,814,993.36 was obtained by the defendant, and that he has dissipated those proceeds, then it is appropriate for the Court to enter an order of forfeiture against the defendant in that amount pursuant to Rule 32.2(b)(2).

### III. Factual Basis

#### A. Scheme to Defraud L.W. (Count One)

The defendant admitted in his Plea Agreement that beginning in about April 2016 and continuing through November 10, 2021, in the Middle District of Florida and elsewhere, Keith Ingersoll, James Adamczyk, and others conspired to commit wire fraud against victim L.W. On July 2, 2021, in the Middle District of Florida and elsewhere, the defendant committed wire fraud against victim L.W. Factual Basis at 26.

Between April 2016 and November 2021, the defendant and his co-conspirators fraudulently induced L.W. to provide $12.7 million in purported financing to the defendant. The defendant fraudulently represented to L.W. that the defendant or entities controlled by him had entered into contracts to purchase various real estate in Florida, Alabama, Illinois, Nebraska, and the Bahamas. The defendant and his co-conspirators fraudulently represented to L.W. that the funds that he provided would be used as refundable deposits for the purchases of this real estate. They further promised that L.W. would receive 9% interest on the refundable deposits, as well as a share of profits from the sale of the real estate that was sold. They also falsely claimed that L.W.'s refundable deposits were held in escrow or by an escrow agent. In fact, the defendant and his co-conspirators spent

5

the proceeds received for their own personal benefit, including for luxury car rentals travel and adult entertainment.   Factual Basis at 27-75.

The total amount of funds that L.W. was fraudulently induced to provide to the defendant and the other conspirators amounted to approximately $12,700,000 which represented the total loss to L.W. in this case.   Of the $12,700,000 total loss amount, $9,602,200 was transferred into accounts held by the defendant.   Factual Basis at 76.

### B. Conspiracy to Commit Wire Fraud Against Government Agency (Count Four)

Additionally, beginning in about January 2017 and continuing through November 2017, the defendant and his co-conspirators conspired to commit wire fraud in the Middle District of Florida.   The scheme involved a local government entity in the Middle District of Florida.   The government official for that local government entity (the "Public Official") hired the defendant and his company, the Ingersoll Consulting Group LLC to serve as a real estate consultant for the local government entity.   Factual Basis at 76.

Rather than use that role to benefit the local government entity, the defendant used his position to devise a scheme to defraud the local government entity by finding a straw purchaser to purport to purchase a piece of real estate in the Middle

6

District of Florida (the "Property"). The straw purchaser executed an agreement with the seller to purchase the property. In fact, the conspirators used money from the local government agency to purchase the property as opposed to any money from the straw purchaser. The co-conspirators concealed the source of the funds through the use of a false HUD-1. On the same day that the straw purchaser purportedly purchased the Property from the seller, the conspirators caused the property to be transferred to the local government agency for an extra approximately $262,000 more than it had been purchased for. The $262,000 windfall was then divided amongst the defendant, the straw purchaser, and the other conspirators. Factual Basis at 76-84.

Between May 12, 2017, and the end of June 2017, kickbacks were paid out to the co-conspirators. Specifically, on May 12, 2017, a co-conspirator, through a title company, wired $50,000 to the straw purchaser and $220,093.36 to the defendant's attorney associate. That same day, this attorney wired $212,793.36 to the defendant through Ingersoll Financial. Factual Basis at 82.

If the Court finds that the United States has established the requisite nexus between the funds sought for forfeiture and the violations charged in Counts One and Four of the Superseding Information, then it is appropriate for the Court to enter a Preliminary Order of Forfeiture, forfeiting to the United States all right, title, and

7

interest in the funds with 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), and Rule 32.2(b)(2).

## IV. Conclusion

WHEREFORE, the United States respectfully requests that this Court enter an Order of Forfeiture for the $9,814,993.36 in proceeds the defendant obtained as a result of his wire fraud schemes pursuant to 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), and Rule 32.2(b)(2), Federal Rules of Criminal Procedure.

As required by Rule 32.2(b)(4)(B), the United States further requests that the Court include the forfeiture when orally announcing the sentence, and include the forfeiture order in the judgment. *See United States v. Kennedy*, 201 F.3d 1324, 1326 (11th Cir. 2000) and Fed. R. Crim. P. 32.2(b)(4)(A) and (B).

        Respectfully submitted,

        ROGER B. HANDBERG
        United States Attorney

By:   s/Jennifer M. Harrington
        JENNIFER M. HARRINGTON
        Assistant United States Attorney
        Florida Bar Number 0117748
        400 W. Washington Street, Ste. 3100
        Orlando, Florida   32801
        (407) 648-7500 – telephone
        (407) 648-7643 – facsimile
        E-mail: Jennifer.Harrington2@usdoj.gov

## CERTIFICATE OF SERVICE

      I hereby certify that on January 31, 2023, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Andrew C. Searle, Esquire
Damon A. Chase, Esquire
Counsel for the Defendant

                                        s/Jennifer M. Harrington
                                        JENNIFER M. HARRINGTON
                                        Assistant United States Attorney